IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRULIFE HEALTHCARE, INC., d/b/a § <br> TRULIFE HOME HEALTH, § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:14-CV-0875-D <br> VS. § <br> § <br> SYLVIA M. BURWELL, SECRETARY, § <br> UNITED STATES DEPARTMENT OF § <br> HEALTH AND HUMAN SERVICES, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The instant motion to dismiss requires the court to decide whether it has subject matter jurisdiction over the claims of plaintiff Trulife Healthcare Inc. ("Trulife") arising from the denial of its application to enroll as a provider of Medicare health care services, and, if so, whether Trulife has stated a claim on which relief can be granted. Defendant Sylvia M. Burwell, Secretary, United States Department of Health and Human Services ("HHS"), moves under Fed. R. Civ. P. 12(b)(1) to dismiss Trulife's claims for lack of subject matter jurisdiction on the basis that Trulife failed to exhaust its administrative remedies, and moves under Rule 12(b)(6) to dismiss Trulife's suit for failure to state a claim on which relief can be granted. For the reasons that follow, the court dismisses most of Trulife's claims for lack of subject matter jurisdiction, and it dismisses Trulife's mandamus claim for failure to state a claim on which relief can be granted.

I

Trulife is a home health agency located in Dallas County, Texas that seeks to enroll as a provider of health care services in the Medicare program.[1] Home health agencies seeking to furnish services to Medicare beneficiaries must enroll in the program through a multi-step process set forth in the Medicare Act, which requires several levels of review before an application for enrollment may be approved. *See* 42 C.F.R. § 424.510 (2012). If an applicant is dissatisfied with a decision regarding enrollment, it is entitled to a hearing before the Secretary of HHS ("Secretary") to reconsider the decision. *See* 42 U.S.C. § 1395cc(h) ("[A]n institution . . . dissatisfied with a determination by the Secretary that it is not a provider of services . . . shall be entitled to a hearing thereon by the Secretary . . . to the same extent as is provided in section 405(b) of this title[.]") If the applicant is dissatisfied with the Secretary's final decision on enrollment, the applicant can seek judicial review. *Id.*

---

[1]In deciding HHS's Rule 12(b)(6) motion, the court construes the second amended complaint in the light most favorable to Trulife, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* at *2 (citation omitted) (citing *Paterson*, 644 F.2d at 523).

(stating that applicant is entitled to "judicial review of the Secretary's final decision . . . as is provided in section 405(g) of this title[.]").

In 2010 Congress authorized the Secretary to impose temporary moratoria on the enrollment of new Medicare providers as necessary to prevent fraud, waste, or abuse. *See* 42 U.S.C. § 1395cc(j)(7)(A). On January 30, 2014 the Centers for Medicare and Medicaid Services ("CMS") imposed a moratorium on the enrollment of home health agencies in Dallas County. The new moratorium applied to all Dallas-area prospective home health agencies with applications pending as of January 30, 2014.

On June 25, 2011 Trulife submitted a Medicare enrollment application. On March 1, 2012 a Medicare Administrative Contractor ("MAC") responsible for screening such applications recommended to CMS and the Texas state survey agency that Trulife's application be approved. In May 2013 an approved accrediting organization acting in place of the state survey agency conducted an initial onsite survey, and on June 30, 2013 it notified Trulife that it was recommending it to CMS for Medicare certification.

CMS, however, did not finally approve Trulife's application prior to January 30, 2014, the effective date of the Dallas-area moratorium. On February 3, 2014 Trulife received a notice from the Secretary (through the MAC) informing Trulife that, due to the temporary moratorium, its application had been denied. The initial letter did not outline the administrative appeal rights available to Trulife under 42 U.S.C. § 405(b) and (g). On March 8, 2014 Trulife filed this lawsuit seeking a writ of mandamus compelling the Secretary to enroll Trulife in the Medicare program. On May 8, 2014 the Secretary (again through the

MAC) sent a revised notice of denial, this time summarizing Trulife's rights to an administrative appeal and extending the 60-day period during which Trulife could file an appeal.

Thereafter, Trulife filed a "Second Amended Complaint-Class Action for Emergency Mandamus or, Alternatively, for Declaratory and Injunctive Relief" ("second amended complaint"), in which it brings the following claims: count 1, entitled "mandamus," in which it seeks mandamus relief under 28 U.S.C. § 1361 compelling the Secretary to enroll Trulife as a Medicare provider; count 2 (first),[2] entitled violation of Medicare Act, in which it seeks a judgment declaring its rights regarding the denial of its application for Medicare enrollment and the failure to make available a hearing on and judicial review of HHS's determination that Trulife is not a provider of services; count 2 (second), entitled violation of due process of law, in which it seeks a judgment declaring Trulife's rights in connection with HHS's denial of the provider's enrollment and the failure to extend appeal rights required by the Medicare Act; and count 3, entitled violation of equal protection of law, in which it seeks a judgment declaring Trulife's rights in connection with HHS's denial of the provider's enrollment and the failure to extend appeal rights required by the Medicare Act. Trulife also requests relief in the form of a preliminary injunction, permanent injunction, and attorney's fees and costs. It is undisputed that Trulife has not attempted to appeal the Secretary's denial

---

[2]Trulife's second amended complaint contains two counts that are designated as count 2. The first—count 2 (first)—alleges a violation of the Medicare Act, and the second—count 2 (second)—alleges a violation of the Due Process Clause of the Fifth Amendment.

of its application through the administrative review process.

HHS now moves under Rules 12(b)(1) and 12(b)(6) to dismiss this action. Trulife has not responded to the motion.

II

The court considers first HHS's Rule 12(b)(1) motion to dismiss.[3]

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

HHS moves under Rule 12(b)(1) to dismiss each of Trulife's claims, contending that because Trulife has failed to exhaust the administrative remedies available to challenge the Secretary's decision, the court lacks subject matter jurisdiction over Trulife's claims. In its second amended complaint, Trulife predicates subject matter jurisdiction on the following alternative grounds: 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1361 (mandamus jurisdiction); 5 U.S.C. § 551 *et seq.* (jurisdiction under the Administrative

---

[3]*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

Procedures Act ("APA")); and 42 U.S.C. § 405(g), as applied to the Medicare Act by 42 U.S.C. §§ 1395cc(h) and 1395ii.  The court considers each in turn.

B

Trulife alleges in its second amended complaint that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over count 2 (first), count 2 (second), and count 3 and its requests for preliminary and permanent injunctions.  HHS maintains that 42 U.S.C. § 405(h) precludes the exercise of § 1331 jurisdiction over any claims arising under the Medicare Act.

Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Under 42 U.S.C. § 1395ii, § 405(h) "shall also apply with respect to this subchapter to the same extent . . . except that . . . any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services[.]"  Section 405(h) makes clear that a district court cannot exercise federal question jurisdiction over any claim arising under the Medicare Act.  Accordingly, count 2 (first) of Trulife's second amended complaint, which alleges a violation of the Medicare Act and is therefore a claim arising under the Act,

cannot be brought under § 1331.

Trulife argues, however, that count 2 (second), which alleges a violation of the Fifth Amendment Due Process Clause, and count 3, which alleges an equal protection violation, are collateral constitutional claims that do not arise under the Medicare Act. Although Trulife frames these declaratory judgment claims in constitutional terms, the relief it requests is that the Secretary withdraw her denial of Trulife's application and enroll Trulife in the Medicare program. Thus Trulife's claims, while resting on constitutional grounds, are nonetheless "inextricably intertwined" with its request for enrollment in the Medicare program. *See Heckler v. Ringer*, 466 U.S. 602, 614 (1984) (holding that despite respondents' constitutional allegations, the remedy they sought was Medicare benefits, and, as such, their constitutional claims were inextricably intertwined with their claim for benefits); *see also Griego v. Leavitt*, 2008 WL 2200052, at *4 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (citing *Ringer*, 466 U.S. at 615) ("That the plaintiffs were . . . seeking . . . only injunctive and declaratory relief did not prevent their suit from arising under the Medicare Act.") (parenthesis omitted). Accordingly, Trulife's claims "should be channeled first into the administrative process which Congress has provided[.]" *Ringer*, 466 U.S. at 614.

C

Trulife also alleges that the court has subject matter jurisdiction over count 2 (first), count 2 (second), and count 3 and its requests for preliminary and permanent injunctive relief under the APA and 42 U.S.C. § 405(g) of the Social Security Act (made applicable to decisions regarding Medicare enrollment by 42 U.S.C. § 1395cc(h)). But both the APA and

- 7 -

§ 405(g) authorize judicial review of a decision by the Secretary only when there has been "final agency action" or a "final decision" of the Secretary. Trulife has not yet obtained final agency action or a final decision of the Secretary because it has not yet channeled its claims through the administrative review process provided for by Congress under § 405(b).

Trulife asserts that, notwithstanding its failure to use the administrative remedies afforded by § 405, the court can still exercise subject matter jurisdiction because this lawsuit falls under the clandestine agency policy exception to the Medicare exhaustion requirement established by *Bowen v. City of New York*, 476 U.S. 467 (1986). In *City of New York* the plaintiffs brought a due process challenge based on an alleged clandestine, internal HHS policy that had the effect of denying them disability benefits. *Id.* at 469. "The gravamen of [plaintiffs'] complaint was that [HHS] had adopted an unlawful, unpublished policy under which countless deserving claimants were denied benefits." *Id.* at 473.

The present case is distinguishable. Unlike the plaintiffs in *City of New York*, Trulife does not allege any facts suggesting the existence of a clandestine, unpublished policy and does not challenge the process by which any such clandestine rule was formulated. The administrative appeal process available to prospective Medicare enrollees is a published process found in the United States Code and the Code of Federal Regulations. *See* 42 U.S.C. § 405(b), §1395cc(h); 42 C.F.R. § 498.5(a) (2013).

Further, Trulife's allegation that there are no administrative remedies to be exhausted because the Secretary never "extended" them does not support application of the *City of New York* exception. Although the initial letter denying Trulife's application for enrollment did

not explain the administrative procedures available to contest that denial, the exhibits attached to Trulife's second amended complaint indicate that the Secretary sent a second notice within the original 60-day appeal period that did apprise Trulife of its rights to appeal the decision administratively and extended the 60-day period during which Trulife could initiate an appeal. In fact, Trulife's original complaint, filed in this court on March 8, 2014, indicates that, even before receiving the second notice, Trulife had actual knowledge of the available review procedures. The court therefore holds that Trulife did have administrative appeal rights available to it, and its failure to exhaust them deprives the court of subject matter jurisdiction under the APA and 42 U.S.C. § 405(g).

D

Trulife relies on 28 U.S.C. § 1361 to support the court's exercise of subject matter jurisdiction over Trulife's claim for mandamus relief in count 1.

The Supreme Court has explicitly left open the question whether § 1361 jurisdiction is available for claims arising under the Medicare Act. *See Ringer*, 466 U.S. at 615. The Fifth Circuit, however, has held that "§ 405(h) does not preclude § 1361 jurisdiction to review otherwise unreviewable procedural issues[.]" *Wolcott v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011). Because Trulife's action can be classified as challenging the procedures used in administering the Medicare Act, the court concludes that it has subject matter jurisdiction over count 1, Trulife's mandamus claim, under § 1361. *See id.* at 765 (quoting *Burnett v. Bowen*, 830 F.2d 731, 737-38 (7th Cir. 1987) ("There is nearly unanimous consensus among the other circuits that 28 U.S.C. § 1361 provides jurisdiction in cases

challenging the procedures used in administering benefits but unrelated to the merits of the benefits claim.") (internal quotation marks and ellipsis omitted)).

E

For the reasons stated above, the court grants HHS's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction with respect to count 2 (first), count 2 (second), and count 3 of Trulife's second amended complaint and Trulife's requests for preliminary and permanent injunctions.

III

The court now considers HHS's Rule 12(b)(6) motion to dismiss. Because the court lacks subject matter jurisdiction over all counts except count 1, the court will consider only whether Trulife has stated a plausible claim for mandamus relief.

A

In deciding HHS's Rule 12(b)(6) motion, the court evaluates the sufficiency of Trulife's second amended complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive HHS's motion to dismiss under Rule 12(b)(6), Trulife must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

- 10 -

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

B

Mandamus is an extraordinary form of relief that the court can grant only when the party seeking it establishes that (1) the party is clearly entitled to the relief requested, (2) the respondent has a clear duty to act, and (3) no other adequate remedy is available. *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam); *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). Trulife has failed to state a plausible claim for mandamus relief because,

at a minimum, it has failed to plead facts that permit the court to draw the reasonable inference that no other adequate remedy is available. As the court has discussed above, Trulife has not used the administrative review procedures available under 42 U.S.C. § 405(b) to challenge an adverse decision of the Secretary. Trulife has pleaded no facts that suggest that the Secretary has denied Trulife *access* to these procedures, or that these procedures are somehow inadequate to afford Trulife the relief it seeks.

Therefore, the court grants HHS's Rule 12(b)(6) motion and dismisses Trulife's claim for mandamus relief.

\* \* \*

For the reasons explained, the court grants HHS's Rule 12(b)(1) motion to dismiss as to count 2 (first), count 2 (second), and count 3 of Trulife's second amended complaint as well as Trulife's request for preliminary and permanent injunctive relief. The court grants HHS's Rule 12(b)(6) motion as to Trulife's mandamus claim in count 1. This action is dismissed in part without prejudice and in part with prejudice by judgment filed today.

**SO ORDERED**.

October 6, 2014.

                                             SIDNEY A. FITZWATER
                                             CHIEF JUDGE